UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| KENNETH EDWIN FORTUNE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 1:13-cv-24 |
| v. | ) | |
| | ) | *Mattice /Lee* |
| COMMISSIONER OF SOCIAL SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**

Before the Court is Plaintiff's motion for attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d) [Doc. 16].[1] Plaintiff has submitted an affidavit with an itemized record of the time spent by his counsel on this case [Doc. 16-1], as well as a memorandum in support [Doc. 17] and a fee agreement between Plaintiff and his counsel [Doc. 19]. Defendant has filed a response stating Defendant has no objection to the amount requested in Plaintiff's motion, but Defendant objects to Plaintiff's request that the fee award be paid directly to Plaintiff's counsel [Doc. 18].

**I.   ENTITLEMENT TO FEES**

In order to recover attorney's fees under the EAJA, four conditions must be met: (1) the plaintiff must be a prevailing party; (2) the application for attorney's fees, including an itemized justification for the amount requested, must be filed within 30 days of the final judgment in the

---

[1] This matter has been referred to the undersigned for a report and recommendation pursuant to 28 U.S.C. §636(b) and Fed. R. Civ. P. 72(b). *See In re: Referral of Social Security Cases*, SO-09-01 (Feb. 2009).

action; (3) no special circumstances warranting denial of fees may exist; and (4) the government's position must be without substantial justification. 28 U.S.C. § 2412(d); *see also Damron v. Comm'r of Soc. Sec.*, 104 F.3d 853, 855 (6th Cir. 1997). There is no dispute that Plaintiff is a prevailing party. *See Shalala v. Shaefer*, 509 U.S. 292, 302 (1993) ("A sentence-four remand, of course, is a judgment *for* the plaintiff."). Second, Plaintiff's motion is timely. *See* Fed. R. App. P. 4(a)(1)(B), (a)(7); *Schaefer*, 509 U.S. at 298 (*quoting Melkonyan v. Sullivan*, 501 U.S. 89, 102 (1991)). Third, Defendant bears the burden of proof to show his position was substantially justified, *Peck v. Comm'r of Soc. Sec.*, 165 F. App'x 443, 446 (6th Cir. 2006), and Defendant has declined to attempt any such showing. And fourth, in the absence of any opposition from Defendant, the Court finds no special circumstances warranting denial of fees. I therefore **CONCLUDE** Plaintiff is entitled to an award of a reasonable attorney's fee. *See* 28 U.S.C. § 2412(d)(2)(A) ("'fees and other expenses' includes . . . reasonable attorney fees").

## II. AMOUNT OF FEES

An attorney fee award under the EAJA cannot exceed $125 per hour unless justified by increases in the cost of living. 28 U.S.C. § 2412(d)(2)(A). Plaintiff seeks fees at an hourly rate of $177.05 for 10.65 hours of attorney work, a rate for attorney time approved by this Court in *Johnson v. Comm'r of Soc. Sec.*, No. 1:12-CV-66, 2013 WL 3353953, at *2 (E.D. Tenn. July 3, 2013) and 1.9 hours of paralegal work at an hourly rate of $46.00, a rate for paralegal time approved by this Court in *Lehr v. Colvin*, No. 3:11-CV-615, 2013 WL 1789605, at *1 (E.D. Tenn. Apr. 26, 2013) (incorporating the magistrate judge's unpublished report and recommendation, which found $46.00 to be an acceptable hourly paralegal rate). Defendant does not oppose the fee request. As such, I **RECOMMEND** Plaintiff be awarded attorney's fees in the amount of

$177.05 per hour for 10.65 hours of attorney time (which equals $1,885.58) and fees in the amount of $46.00 per hour for 1.9 hours of paralegal time (which equals $87.40), for a total of **$1,972.98**.

Although Plaintiff specifically requests the award be paid to counsel pursuant to an assignment of fees agreement between Plaintiff and his counsel, Defendant opposes this request, arguing that "Plaintiff did not submit any document showing that he assigned an award of fees under EAJA to his attorney." [Doc. 18, Page ID # 377]. Plaintiff has since submitted the assignment of fees agreement [Doc. 19-1], however, the award is still subject to any debt owed by Plaintiff under the Treasury Offset Program. *See* 31 U.S.C. § 3716. Defendant states that "[i]f the United States Department of the Treasury determines that Plaintiff does not owe a debt that is subject to offset, the government will accept the assignment of EAJA fees and pay such fees directly to Plaintiff's attorney." [Doc. 18, Page ID # 377-78]. In this situation, courts have still issued the award to the claimant and left it to Defendant's discretion to honor the claimant's assignment of fees to his or her attorney after the absence of debt is verified. Therefore, I make no recommendation as to what Plaintiff and Defendant may agree upon after the award is issued.

Accordingly, I **CONCLUDE** that the award is payable directly to Plaintiff. *See generally Astrue v. Ratliff*, 130 S.Ct. 2521, 2525-26 (2010) (stating the statute "clearly distinguish[es] the party who receives the fees award (the litigant) from the attorney who performed the work that generated the fees"); *Bryant v. Comm'r of Soc. Sec.*, 578 F.3d 443, 448-49 (6th Cir. 2009) ("Like the Fourth, Tenth, and Eleventh Circuits, we are persuaded by the plain language of the EAJA and conclude that the prevailing party, and not her attorney, is the proper recipient of attorney fees under the EAJA.").

### III. CONCLUSION

Accordingly, I **RECOMMEND**[2] Plaintiff's motion for attorney's fees under the EAJA [Doc. 16] be **GRANTED** to the extent and that Plaintiff be awarded attorney's fees in the amount of **$1972.98**.

s/ *Susan K. Lee*
SUSAN K. LEE
UNITED STATES MAGISTRATE JUDGE

---

[2] Any objections to this report and recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the district court's order. *Thomas v. Arn*, 474 U.S. 140, 149 n.7 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive and general. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).